UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL GRESHAM,

        Plaintiff,

v.

MICHAEL TAYLOR et al.,

        Defendants.
_____/

Case No. 1:23-cv-1053

Honorable Robert J. Jonker

## **OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a prior Order, the Court granted Plaintiff leave to proceed *in forma pauperis*.[1] (ECF No. 5.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims against Defendants Erway, Porter, Bassett, Morrow, and Burgess for failure to state a claim. The Court will also dismiss, for failure to state a claim, the following

---

[1] Although Plaintiff has had at least three cases dismissed on the grounds that they were frivolous, malicious, and/or failed to state a claim, Plaintiff sufficiently alleged that he was in imminent danger of serious physical injury when he filed the complaint, and as such, he was permitted to proceed *in forma pauperis* in this action.

claims against remaining Defendant Taylor: official capacity claims, Eighth Amendment excessive force claims, and Fourteenth Amendment due process claims. Plaintiff's state law claims against all Defendants will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims. The following claims against Defendant Taylor in his individual capacity will remain in the case: First Amendment retaliation claims and Eighth Amendment claims regarding Defendant Taylor labeling Plaintiff as a snitch and paying another inmate to attack Plaintiff.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following ECF personnel in their individual and official capacities: Corrections Officer Michael Taylor; Acting Assistant Deputy Warden Jason Erway; Sergeant Unknown Porter; Grievance Coordinators T. Bassett and Unknown Morrow; and Warden Michael Burgess. (Compl., ECF No. 1, PageID.1–3.)

In Plaintiff's complaint, he alleges that on July 28, 2023, Defendant Taylor went in Plaintiff's cell and "took books, legal books, [and] legal documents," "destroyed books, legal books, legal documents[, and] property," and "gave some of [Plaintiff's] books and legal documents" to another inmate (Inmate Tittle). (*Id.*, PageID.4.) Inmate Tittle told Plaintiff that Defendant Taylor had told Tittle that Plaintiff "was a snitch." (*Id.*) Inmate Tittle also told Plaintiff that Defendant Taylor had paid Tittle with Plaintiff's property to have either Tittle or Tittle's "fellow gang members[,] the gangster disciples[,]" assault Plaintiff. (*Id.*) When Plaintiff tried to get his property back from Defendant Taylor, Taylor "stated out loud [']shut up snitch that's payback for writing all those grievances and lawsuits.[']" (*Id.*)

2

Subsequently, on October 2, 2023, "a gangster disciple stabbed Plaintiff in his left foot and threw feces and urine on Plaintiff," stating, "that[']s for Officer Taylor snitch Gresham." (*Id.*, PageID.4, 5.) Plaintiff "told" Defendants Erway, Porter, Bassett, Morrow, and Burgess "that Taylor had destroyed and stole[n] [Plaintiff's] property and placed a hit on Plaintiff." (*Id.*, PageID.5.) Plaintiff claims that "Defendants stated they knew about it and were going to cover for Taylor and fabricate grievance responses and investigations." (*Id.*) Plaintiff claims that "the supervisors directly participated[;] [t]hey investigated the grievances[,] interviewed Plaintiff[, and] stopped at his cell and made threats." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under the First and Eighth Amendments. (*See id.*, PageID.4–5.) Plaintiff also avers that Defendants engaged in a civil conspiracy under § 1983 and violated state law. (*See id.*) Additionally, the Court construes Plaintiff's complaint to raise Fourteenth Amendment due process claims. As relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. (*Id.*, PageID.6.)

**II.    Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility

3

standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

Plaintiff sues Defendants in their official and individual capacities. (Compl., ECF No. 1, PageID.1–3.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v.*

4

*Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks injunctive relief, as well as monetary damages. (Compl., ECF No. 1, PageID.6.) An official capacity defendant is absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Therefore, Plaintiff may not seek monetary damages against Defendants in their official capacities.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyons*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495–96.

In the present action, Plaintiff alleges in a conclusory manner that "[t]he supervisors created a custom and policy of allowing and encouraging illegal behavior," however, this conclusory allegation, without any supporting facts, is insufficient to show the existence of an official policy or practice. (Compl., ECF No. 1, PageID.5.) Additionally, although Plaintiff's allegations suggest a risk of harm that occurred shortly before the filing of the complaint, Plaintiff fails to allege any *facts* to suggest that the activities alleged in the complaint are likely to occur to him again. Instead, Plaintiff's allegations relate to past harm. Therefore, Plaintiff does not seek relief properly characterized as prospective. *See Ladd*, 971 F.3d at 581.

Accordingly, for the reasons set forth above, Plaintiff's official capacity claims against Defendants will be dismissed.

### B.  Defendants Erway, Porter, Bassett, Morrow, and Burgess

Plaintiff seeks to hold Defendants Erway, Porter, Bassett, Morrow, and Burgess liable due to their supervisory positions and for their responses to Plaintiff's grievances. Although Plaintiff attempts to show that these Defendants were personally involved in the alleged violations of his constitutional rights by vaguely alleging that "Defendants stated they knew about it and were going to cover for Taylor," that "they" "interviewed Plaintiff" and "stopped at his cell and made threats," and that they "conspired" to violate Plaintiff's constitutional rights (Compl., ECF No. 1,

PageID.5), "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. With respect to Defendants Erway, Porter, Bassett, Morrow, and Burgess, Plaintiff has not done so in his complaint.

Furthermore, to the extent that Plaintiff intended to bring a Fourteenth Amendment due process claim regarding Defendants' responses to his grievances, courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

Additionally, to the extent that Plaintiff intended to allege that Defendants Erway, Porter, Bassett, Morrow, and Burgess violated his right to petition the government, this right is not violated by a failure to process or act on his grievance. The First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government

7

officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond). Defendants' actions also did not bar Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *Cf. Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required).

Moreover, with respect to Plaintiff's attempt to hold Defendants Erway, Porter, Bassett, Morrow, and Burgess liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates

are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Erway, Porter, Bassett, Morrow, and Burgess encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct. Because Plaintiff has failed to allege that these Defendants engaged in any active unconstitutional behavior, Plaintiff fails to state a claim against them.

Accordingly, for all of the reasons set forth above, Plaintiff's claims against Defendants Erway, Porter, Bassett, Morrow, and Burgess will be dismissed.

### C.     Defendant Taylor

#### 1.     First Amendment Claim

Plaintiff claims that Defendant Taylor violated his First Amendment rights by retaliating against him. (*See* Compl., ECF No. 1, PageID.4.) Specifically, Plaintiff claims that Defendant Taylor took Plaintiff's property and gave it to another inmate as payment for attacking Plaintiff, and labeled Plaintiff as a snitch in retaliation for Plaintiff filing grievances and lawsuits. (*Id.*)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Although Plaintiff has by no means proven his First Amendment retaliation claim and the claim lacks specificity as to when Plaintiff engaged in the protected conduct in question, at this stage of the proceedings, the Court will not dismiss this claim because Plaintiff alleges that he engaged in protected conduct and that Defendant Taylor took adverse actions against him due to Plaintiff's engagement in protected conduct.

### 2. Eighth Amendment Claims

#### a. Excessive Force Claim

Plaintiff uses the phrase "excessive force" when describing his claims against Defendant Taylor; however, Plaintiff fails to provide any further explanation regarding this claim. (Compl., ECF No. 1, PageID.4.)

The Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

Here, Plaintiff fails to allege any facts to suggest that Defendant Taylor used any force against Plaintiff, let alone excessive force. Instead, Plaintiff alleges that another inmate, not Defendant Taylor, stabbed Plaintiff in his foot. Under these circumstances, Plaintiff fails to state an excessive force claim against Defendant Taylor. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each

11

alleged violation of rights). Accordingly, Plaintiff's Eighth Amendment excessive force claim against Defendant Taylor will be dismissed.

### b.     Labeling Plaintiff as a Snitch and Paying Another Inmate to Attack Plaintiff

Plaintiff also alleges that Defendant Taylor violated his Eighth Amendment rights by calling Plaintiff a snitch and giving Plaintiff's property to another inmate as payment to attack Plaintiff. (Compl., ECF No. 1, PageID.4.)

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. A prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim; however, he must at least show that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

At this stage of the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to Plaintiff. Accordingly, the Court will not dismiss Plaintiff's Eighth Amendment claim against Defendant Taylor regarding Taylor labeling Plaintiff as a snitch and paying another inmate to attack Plaintiff.

### 3. Fourteenth Amendment Due Process Claims

Plaintiff alleges that Defendant Taylor "destroyed Plaintiff's property and gave [the] property to [Inmate] Tittle." (Compl., ECF No. 1, PageID.5.) To the extent Plaintiff claims that Defendant Taylor's actions deprived Plaintiff of his property without due process of law, this claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, an individual deprived of property by a "random and unauthorized act" of a state employee cannot maintain a federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, while real, is not "without due process of law." *Id.* at 537. This doctrine applies to both negligent and intentional deprivations of property, as long as the deprivation was not pursuant to an established state procedure. *See Hudson*, 468 U.S. at 530–36 (1984). Plaintiff must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). The Sixth Circuit has noted that a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him numerous state post-deprivation remedies. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MDOC Policy Directive 04.07.112, ¶ B (eff. Oct. 2, 2023); MDOC Policy Directive 04.02.110, ¶ E (eff. Nov. 1, 2017). Moreover, aggrieved prisoners may submit claims for property loss of less than $1,000.00 to the State Administrative Board. Mich. Comp. Laws. § 600.6419; MDOC Policy Directive 03.02.131 (eff. Mar. 27, 2017). Finally, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments

13

or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff fails to allege any reasons why a state-court action would not afford him complete relief for the deprivations, either negligent or intentional, of his personal property.

Accordingly, Plaintiff fails to state a Fourteenth Amendment due process claim regarding the deprivation of his property.

### 4.      Section 1983 Civil Conspiracy Claims

In Plaintiff's complaint, he references a "conspiracy." (*See, e.g.*, Compl., ECF No. 1, PageID.4.) The Court construes this reference to raise a civil conspiracy claim under § 1983.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Here, Plaintiff alleges in a conclusory manner that Defendant Taylor "conspired" to violate Plaintiff's constitutional rights. (*See* Compl., ECF No. 1, PageID.4.) Although Plaintiff claims that Defendant Taylor engaged in a conspiracy, Plaintiff's allegations are wholly conclusory. He

alleges no *facts* that indicate the existence of a plan, much less that any Defendant shared a conspiratorial objective. Plaintiff's allegations, even viewed in the light most favorable to Plaintiff, describe discrete occurrences involving Defendants. Plaintiff appears to rely entirely on a highly attenuated inference of a conspiracy from the mere fact that Defendant Taylor took allegedly adverse actions against him within a short period of time.

As the United States Supreme Court has held, such allegations, while hinting at a sheer "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556–57. Instead, the Supreme Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 567). Accordingly, because Plaintiff does not allege facts to show an agreement among Defendants, and instead, alleges that Defendants allegedly took actions against him on discrete occasions, Plaintiff fails to state a plausible claim of conspiracy.

      **D.**      **Claims Regarding Violation of the MDOC's Policies and State Law**

Plaintiff also alleges that Defendants violated the MDOC's policies and state law. (*See, e.g.*, Compl., ECF No. 1, PageID.5.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law or the MDOC's policies. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertions that Defendants violated state law or the MDOC's policies fail to state a claim under § 1983.

Moreover, to demonstrate a violation of procedural due process, a plaintiff must show the following elements: (1) a life, liberty, or property interest requiring protection under the Due

Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim*, 461 U.S. at 250; *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation that Defendants violated prison policy fails to raise a cognizable federal claim and will be dismissed for failure to state a claim.

Furthermore, to the extent that Plaintiff intended to bring state law claims regarding the violation of the MDOC's policies or any other state laws, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, Plaintiff's federal claims against Defendants Erway, Porter, Bassett, Morrow, and Burgess will be dismissed. Further, any intended state law claims against remaining Defendant Taylor are unrelated to Plaintiff's remaining federal claims. The balance of the relevant considerations therefore weighs against the continued exercise of supplemental jurisdiction over the state law claims. Accordingly, any intended state law claims will be dismissed without prejudice to Plaintiff's ability to bring those claims in the state courts.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims against Defendants Erway, Porter, Bassett, Morrow, and Burgess will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendant Taylor: official capacity claims, Eighth Amendment excessive force claims, and Fourteenth Amendment due process claims. Plaintiff's state law claims against all Defendants will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims. The following claims against Defendant Taylor in his individual capacity remain in the case: First Amendment retaliation claims and Eighth Amendment claims regarding Taylor labeling Plaintiff as a snitch and paying another inmate to attack Plaintiff.

An order consistent with this opinion will be entered.

Dated:      July 17, 2024                                /s/ Robert J. Jonker
                                                         Robert J. Jonker
                                                         United States District Judge