UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM, #272603,

    Plaintiff,                                    Hon. Robert J. Jonker

v.                                                         Case No. 1:23-cv-1053

MICHAEL TAYLOR,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (ECF No. 22). Plaintiff initiated this action alleging that Defendant destroyed his personal property and hired another inmate to assault him. (ECF No. 1). Many of Plaintiff's claims were dismissed on screening. (ECF No. 13). Plaintiff now moves the Court for injunctive relief against Defendant Taylor and others. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether

-1-

the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Plaintiff alleges that Defendant and his co-workers "through the[ir] machinations and nefarious acts are violating Plaintiff's access to [the] courts." For example, Plaintiff alleges that prison staff are not providing him with sufficient amounts of paper and are "reading and confiscating" his legal materials. Plaintiff also alleges that he has been threatened with transfer in retaliation for filing grievances. While Plaintiff's allegations, if true, are disturbing, Plaintiff has failed to demonstrate that he lacks an adequate legal remedy to address the conduct in question. If Plaintiff feels his right of access to the courts is being impeded, he can file an action alleging such. Likewise, if Plaintiff feels he is being subjected to unlawful retaliatory conduct, he can file an action alleging such. Moreover, even if Plaintiff can get beyond this initial hurdle, the relevant factors do not support his present request.

Plaintiff has failed to demonstrate that he is likely to succeed on the merits of any potential claim he may have. Plaintiff has failed to demonstrate that he is likely to suffer irreparable injury in the absence of injunctive relief. Moreover, the Court finds that the public interest would not be served by granting Plaintiff relief. Finally, to the extent Plaintiff requests that the Court order Defendants and others to not violate his rights in the future, the undersigned recommends that such request be denied. As courts recognize, "obey-the-law" injunctions are not proper. *See, e.g., Perez v. Ohio Bell Telephone Co.*, 655 Fed. Appx. 404, 410-11 (6th Cir., July 14, 2016) ("The Supreme Court has warned against 'sweeping injunction[s] to obey the law' and has cautioned courts about their 'duty to avoid' such orders"). Accordingly, the undersigned recommends that Plaintiff's motion be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                        Respectfully submitted,

Date: October 17, 2024                      /s/ Phillip J. Green
                                                            PHILLIP J. GREEN
                                                            United States Magistrate Judge