UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM,

    Plaintiff,                                 Hon. Robert J. Jonker

v.                                               Case No. 1:23-cv-1053

MICHAEL TAYLOR, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment. (ECF No. 46). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff's claims arise from a series of events that occurred in 2023 at the Oaks Correctional Facility (ECF). In the complaint, Plaintiff alleges that on July 28, 2023, Defendant Michael Taylor went into Plaintiff's cell, took various items, and gave some of the items to "Inmate Tittle." Inmate Tittle told Plaintiff that Defendant Taylor said Plaintiff was a snitch and that Defendant Taylor had paid Tittle with Plaintiff's property to have Plaintiff assaulted. When Plaintiff tried to get his property back, Defendant Taylor allegedly said it was payback for filing grievances and lawsuits. On October 2, 2023, Plaintiff was stabbed by a fellow inmate and told it was because of Defendant Taylor.

After screening, Plaintiff's remaining claims include First Amendment and Eighth Amendment claims against Defendant Taylor regarding labeling Plaintiff as a snitch and paying another inmate to attack Plaintiff. (ECF No. 13 at PageID.217). Plaintiff now moves for summary judgment. (ECF No. 46).[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

---

[1] The undersigned notes that Plaintiff labels his motion as his Second Motion for Summary Judgment because he attempted to file one earlier, but the Court never received it. (ECF No. 46 at PageID.350).

## ANALYSIS

In the motion, Plaintiff states generally that summary judgment is warranted based on the attached affidavits and his verified complaint. But Plaintiff does not cite to particular parts of the materials to support any specific fact, as required by Rule 56(c)(1)(A). *See DeVore v. Univ. of Ky. Bd. of Trs.,* 118 F.4th 839, 844 (6th Cir. 2024) ("Movant and opponent alike 'must support their factual positions either by directing the court's attention to materials in the record or by showing that the cited materials do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce any admissible evidence to support the fact.' ") (quoting 10A Wright & Miller, *Federal Practice and Procedure* § 2721 (4th ed. June 2024 Update)).

And as explained by Defendant's response brief, the affidavits are largely irrelevant. (*See* ECF No. 48 at PageID.381-382). Moreover, at least one affidavit is not properly sworn. (ECF No. 46-1 at PageID.367). As it relates to his retaliation claim, Plaintiff has not put forth any evidence to substantiate his allegations that he engaged in protected conduct or that there is a causal connection. As it relates to his Eighth Amendment claims, Plaintiff has not put forth any evidence to substantiate his allegations of being called a "snitch" or being assaulted. At a minimum, the undersigned finds that genuine issues of material fact exist as to each of Plaintiff's claims. Because Plaintiff has failed to cite particular evidence to

establish that he is entitled to judgment as a matter of law, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (ECF No. 46) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 26, 2025

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge