UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL GRESHAM #272603,

      Plaintiff,

                                Hon. Robert J. Jonker

v.

                                Case No. 1:23-cv-01053

MICHAEL TAYLOR, et al.,

      Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Taylor's Motion for Summary Judgment (ECF No. 49) and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 55).  For the reasons discussed herein, the undersigned recommends that Defendant's motion be granted and this case be terminated.

## **BACKGROUND**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan, but the events underlying this lawsuit allegedly occurred at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Plaintiff initially sued six ECF employees (ECF No. 1, PageID.2), and the Court dismissed all but one Defendant (ECF Nos. 13, 14).  At this juncture, the following claims remain against Defendant Taylor: (1) Plaintiff's First Amendment retaliation

claim and (2) Eighth Amendment claim regarding Defendant Taylor labeling Plaintiff as a snitch and paying another inmate to attack Plaintiff.  (ECF No. 13, PageID.217; EF No. 14).

In his complaint, Plaintiff alleges the following.  (ECF No. 1).  On July 28, 2023, Defendant Taylor entered Plaintiff's cell and "took books, legal books, [and] legal documents," "destroyed books, legal books, legal documents[, and] property," and "gave some of [Plaintiff's] books and legal documents" to another inmate, Inmate Tittle. (ECF No. 1, PageID.4).  Inmate Tittle told Plaintiff that Defendant Taylor had told him that Plaintiff "was a snitch."  (*Id.*).  Inmate Tittle also told Plaintiff that Defendant Taylor had paid Tittle with Plaintiff's property to have either Tittle or Tittle's "fellow gang members[,] the gangster disciples[,]" assault Plaintiff.  (*Id.*).  When Plaintiff tried to get his property back from Defendant Taylor, he stated, "shut up snitch that's payback for writing all those grievances and lawsuits."  (*Id.*).  Subsequently, on October 2, 2023, "a gangster disciple stabbed Plaintiff in his left foot and threw feces and urine on Plaintiff," stating, "that[']s for Officer Taylor snitch Gresham." (ECF No. 1, PageID.4-5).

Defendant Taylor now moves for summary judgment.  (ECF No. 49).  Plaintiff responded to the motion.  (ECF No. 54).  Defendant Taylor replied.  (ECF No. 59).  The Court finds that oral argument is unnecessary.  *See* W.D. MICH. LCIVR 7.2(d).

## DEFENDANT TAYLOR'S MOTION FOR SUMMARY JUDGMENT

### I. Legal Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence," establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving

3

party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### II. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. U.S. CONST. amend. VIII. Punishment

may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. But courts recognize that "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson*, 148 F.3d at 600.

Plaintiff must show that Defendant was deliberately indifferent to Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 35-37 (1993). To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious

harm." *Farmer*, 511 U.S. at 834.  Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.  "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Plaintiff alleges that Defendant Taylor violated his Eighth Amendment rights by labeling him as a snitch and giving Plaintiff's property to another inmate as payment to attack Plaintiff or have him attacked. (ECF No. 1, PageID.4).  The Court has held that "[l]abeling an inmate as [a rat] may constitute deliberate indifference to the inmate's safety." *Martin v. Randall*, No. 1:22-CV-123, 2025 WL 2496096, at *3 (W.D. Mich. Aug. 5, 2025).  But in order to prevail, Plaintiff must establish that "he suffered physical harm as a result of being labeled a rat or a snitch." *Id.* at *3.  Here, Plaintiff has failed to do so.  Defendant Taylor has submitted Plaintiff's six medical kites from August 18, 2023, to November 28, 2023, but notably absent is any mention of Plaintiff's October 2, 2023, stabbing. (ECF No. 50-7, PageID.466-76).  Defendant Taylor also submits Plaintiff's deposition testimony in which he testifies that his right foot was stabbed (ECF No. 50-3, PageID.447, 452, 455) whereas in his complaint he asserted that his left foot was stabbed (ECF No. 1, PageID.4).  In response, Plaintiff

6

generally asserts that medical kites regarding the October 2023 stabbing exist but that Defendant Taylor "conspired with medical staff not to produce any records of the stabbing" (ECF No. 54, PageID.490), instead providing a medical kite dated March 28, 2025, in which he requests medical records from a doctor he saw in 2024 (ECF No. 54-1, PageID.508).   Plaintiff fails to provide evidence contrary to the evidence submitted by Defendant Taylor.    Accordingly, Defendant Taylor demonstrates that no issue of material fact exists regarding Plaintiff's inability to demonstrate that he was at substantial risk of serious harm.

### III. First Amendment Retaliation

Plaintiff asserts that Defendant Taylor unlawfully retaliated against him for filing grievances and lawsuits by taking Plaintiff's property and giving it to another inmate as payment for attacking Plaintiff, and labeling Plaintiff as a snitch.  (ECF No. 1, PageID.4-5).  To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him, which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

### A. Protected Conduct

Plaintiff asserts in his complaint that he "engaged in the protected conduct of filing grievances and lawsuits against MDOC staff and in particular grievances against [Defendant] Taylor and lawsuit[,] *Gresham v. Beauvais.*"  (ECF No. 1,

PageID.4).  At his deposition, Plaintiff testified that the action Defendant Taylor retaliated against him for "could only be the grievance against [Defendant Taylor] for denying [his] medication."  (ECF No. 50-3, PageID.441).  Defendant Taylor provided the grievance at issue, ECF-2023-06-1168-12F, which states that Defendant Taylor "took [Plaintiff] to the shower" and that a non-party nurse refused to give Plaintiff medication.  (ECF No. 50-13, PageID.478).  Defendant Taylor argues that the grievance at issue does not constitute protected conduct because it named Defendant Taylor but did not assert any wrongdoing by him and thus was frivolous.  *See Clark v. Johnston*, 413 F. App'x 804, 812 (6th Cir. 2011) ("[A]n inmate's pursuit of grievances against prison officials can constitute protected conduct for purposes of a retaliation claim, but 'only to the extent that the underlying claims ha[ve] merit.' " (second alteration in original) (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000))).  The Court agrees.  To the extent that Plaintiff's filing of a civil action constitutes protected conduct, the Court addresses the other elements below.  *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002) (holding that protected conduct, for the purposes of a First Amendment retaliation claim, includes a prisoner's efforts to access the courts in civil rights claims).

### B. Adverse Action

Plaintiff asserts that Defendant Taylor subjected him to adverse action when he called Plaintiff a "snitch," "plac[ed] a hit on" him, allegedly destroyed his property,

and took his personal and legal property to pay other prisoners.  (ECF No. 1, PageID.5).

In support of his motion for summary judgment, Defendant Taylor provided evidence through his affidavit and video footage.  Defendant Taylor testified that he searched Plaintiff's cell the morning of July 28, 2023, because Inmate Tittle requested that Defendant Taylor retrieve a book of his labeled with his name and MDOC number from Plaintiff's cell.  (ECF No. 50-5, PageID.461).  Defendant Taylor testified that he removed a single book consistent with Inmate Tittle's description from Plaintiff's cell.  (*Id.*).  The submitted security video footage is consistent with Defendant Taylor's testimony.  (ECF No. 50, Exhibit E).  Defendant Taylor testified that he did not "rip, tear, alter, desecrate, or otherwise destroy in any way any of Gresham's personal or legal property within the cell."  (*Id.*).  Defendant Taylor testified that he did not call Plaintiff a snitch nor stated as such to other inmates (ECF No. 50-5, PageID.462-63) and that he "never asked any prisoner to attack, assault, or take any action against Gresham" (ECF No. 50-5, PageID.463).

In response, Plaintiff provides several affidavits from himself and other inmates, but these affidavits are irrelevant to the present action, with one being dated before the events at issue occurred (ECF No. 54-1, PageID.504), several being undated and unsigned (ECF No. 54-1, PageID.500, 503, 505), and all of them containing statements about nonparties and claims not at issue (ECF No. 54-1, PageID.495-507).

9

As is well recognized, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Rather, the Court should "view[ ] the facts in the light depicted by the videotape." *Id.* at 380-81; *see also*, *Whittaker v. Leonard*, No. 1:23-cv-284, 2025 WL 2924594, at *2 (W.D. Mich., Aug. 14, 2025). As noted above, Plaintiff must present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack*, 434 F.3d at 813-14. Other than assertions, which are refuted by affidavit and video evidence, Plaintiff has failed to present evidence creating a genuine issue for trial. Thus, Defendant Taylor has satisfied his burden to demonstrate the absence of genuine factual dispute.

### C. Causation

Even if Plaintiff satisfied the first two elements, Defendant Taylor argues that Plaintiff cannot establish a causal connection between the protected conduct and the alleged adverse actions. "A plaintiff successfully demonstrates a causal connection between the adverse action and the protected conduct by offering direct or circumstantial evidence indicating that the protected conduct was a substantial or motivating factor behind the adverse action against plaintiff." *Eckerman v. Tenn. Dep't of Safety*, 636 F.3d 202, 208 (6th Cir. 2010). Defendant Taylor testified in his affidavit that he "believed the book belonged" to Inmate Tittle and would have removed the book even if Plaintiff had filed grievances or lawsuits against him. (ECF

No. 50-5, PageID.462).    Plaintiff's unsupported conclusions in opposition of Defendants' motion do not advance his position.  Ultimately, Plaintiff has failed to present evidence demonstrating the existence of a genuine factual dispute on the question of causation.    Thus, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

### IV. Qualified Immunity

Defendant Taylor also raises the defense of qualified immunity as to Plaintiff's Eighth Amendment claim.[1]   In light of the recommendation as to the Eighth Amendment claim, the undersigned need not address qualified immunity as to that claim.  *See Rose v. Cope*, No. 1:22-CV-891, 2025 WL 566319, at *9 (W.D. Mich. Jan. 22, 2025) (declining to address qualified immunity defense when recommending granting summary judgment on same Eighth Amendment claim).

### PLAINTIFF'S MOTION FOR TRO AND PRELIMINARY INJUNCTION

In his motion, Plaintiff requests the Court to issue a preliminary injunction "against Defendant Taylor and MDOC to stop forcibly medicating Plaintiff" as he was "unable to accurately remember events that occurred in this case at his deposition." (ECF No. 55, PageID.509).

A federal court may not grant preliminary relief "lightly."   *S. Glazer's Distributors of Ohio v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017). The movant must establish that "it is necessary to preserve the status quo until trial."

---

[1] Because Defendant only raises qualified immunity as to the Eighth Amendment claims, the Court will address only that claim here.

11

*Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 535 (6th Cir. 2020).  Whether the requisite showing has been made is assessed "in terms of four well-settled factors," *City of Grand Rapids v. Richardson*, 429 F. Supp. 1087, 1092-93 (W.D. Mich. 1977): "immediate, irreparable harm"; "the likelihood that the movant will succeed on the merits"; "the balance of the equities"; and "the public interest." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326 (6th Cir. 2019).  No one factor is determinative, but the absence of irreparable injury is dispositive.  *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 885 (6th Cir. 2025).

The need for caution is all the more pressing when relief is sought without notice to the party to be bound by the court's order.  *Granny Goose Foods, Inc. v. Bhd. of Teamsters Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  The Federal Rules of Civil Procedure therefore require an ex parte motion to be accompanied by a certification by the movant or their attorney that they have attempted to notify the nonmovant or that notice is unnecessary, as well as sworn statements "clearly show[ing]" that irreparable harm will be visited upon the movant before the court can register the nonmovant's objections.  FED. R. CIV. P. 65(b)(1); *see Muffler Man Supply Co., Inc. v. TSE Auto Serv., Inc.*, 739 F. Supp. 3d 598, 602 (E.D. Mich. 2024).  Absence of either prerequisite dooms a motion for a TRO.  Plaintiff has provided neither.

Plaintiff's motion also fails because he has not sufficiently established a relationship between his claimed injury and the allegations of his complaint, which do not involve his medication or that Defendant Taylor is involved with Plaintiff's medication in any way.  "A party moving for a preliminary injunction must

12

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (quotation marks and citation omitted). "Thus, generally, the Court cannot enjoin non-parties from taking action based on allegations and claims not presented in the pleadings." *Thomas-El v. Smith*, No. 20-10128, 2021 WL 3271537 (E.D. Mich. July 15, 2021) (quotation marks and citation omitted). Accordingly, the undersigned judicial officer recommends that Plaintiff's motion be denied.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 49) be granted, and that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 55) be denied. For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: February 23, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge